IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **EMILY DE KOUADIO,** | |
| *Plaintiff*, | |
| **v.** | **Civil No.: 1:26-cv-00451-JRR** |
| **NTELIGEN, LLC,** | |
| *Defendant*. | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is non-party Maryland Department of Labor's Motion to Quash Subpoena. (ECF No. 13, the "Motion.") The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025). For the reasons set forth below, the Motion will be denied.

## I.    BACKGROUND

Plaintiff Emily De Kouadio initiated this action against Defendant Nteligen, LLC, her former employer. The Amended Complaint sets for the following claims:

Count I: Disability Discrimination Per the Howard County Code, Title 12, *et seq.*;

Count II: Retaliation for Opposing Discriminatory Practices Per the Howard County Code, Title 12, *et seq.*;

Count III: Interference with Protected Rights in Violation of ERISA § 510, 29 U.S.C. § 1140; and

Count IV: Retaliation in Violation of 42 U.S.C. § 1981.

(ECF No. 11 ¶¶ 78–125.)

Defendant issued a subpoena (the "Subpoena") to non-party Maryland Department of Labor (the "Department") for production of the following documents relating to unemployment compensation ("UC") requested or received by Plaintiff:

1. All applications for unemployment benefits submitted by Emily De Kouadio;

2. All correspondence to and/or from Emily De Kouadio regarding her application for unemployment benefits;
3. All submissions and/or reports made by Emily De Kouadio in support of her application for unemployment benefits;
4. All records regarding the amount of unemployment benefits and/or compensation Emily De Kouadio has received and the number of weeks she received those benefits.

(Subpoena, ECF No. 13-1 at p. 7.)   In response, the Department filed the instant Motion to quash the Subpoena (ECF No. 13; *see* Subpoena, ECF No. 13-1.)

## II.      <u>APPLICABLE LAW AND ANALYSIS</u>

The Department argues the documents sought by Defendant are "confidential and may not be disclosed pursuant to 20 C.F.R. § 603.4(b),"[1] and that the requested documents fail to meet the criteria for an exception set forth in 20 C.F.R. §603.7(b)(1).  In response, Defendant contends: (1) the "[d]isclosure of confidential employment information is appropriate in response to a court order or to an official with subpoena authority pursuant to 20 C.F.R. § 605.5(h); (2) Plaintiff's ability to work and perform the essential functions of her job is directly relevant to Defendant's defenses and may be obtained in discovery pursuant to Federal Rule of Civil Procedure 26(b)(1); and (3) . . . Plaintiff consents to the release of the requested records." (ECF No. 15 ¶¶ 4–7.)

As an initial matter, the Department cites 20 C.F.R. § 603.7(a) in support of its Motion. Section 603.7(a) provides:

> Except as provided in paragraph (b) of this section, when a subpoena or other compulsory process is served upon a State UC agency[2] or the State, any official or employee thereof, or any recipient of confidential UC information, which requires the production of confidential UC information or appearance for testimony upon any matter concerning such information, the State or State UC agency or recipient must file and diligently

---

[1] 20 C.F.R. § 603.4(b) provides in pertinent part: "[T]he full payment of UC when due must include provision for maintaining the confidentiality of any UC information which reveals the name or any identifying particular about any individual or any past or present employer or employing unit, or which could foreseeably be combined with other publicly available information to reveal any such particulars, and must include provision for barring the disclosure of any such information, except as provided in this part."

[2] "State UC agency" is defined as "an agency charged with the administration of the State UC law."  20 C.F.R. § 603.2.(g).  The parties do not dispute the Department's unemployment insurance agency is a State UC agency.

2

> pursue a motion to quash the subpoena or other compulsory process if other means of avoiding the disclosure of confidential UC information are not successful or if the court has not already ruled on the disclosure. Only if such motion is denied by the court or other forum may the requested confidential UC information be disclosed, and only upon such terms as the court or forum may order, such as that the recipient protect the disclosed information and pay the State's or State UC agency's costs of disclosure.

20 C.F.R. § 603.7(a).  Thus, as a qualifying State UC agency, the Department is required to file and diligently pursue the Motion.

With regard to exceptions to the obligation to file a motion to quash, § 603.7(b) does not require the filing of a motion to quash and allows disclosure of confidential UC information under the following two circumstances:

> (1) Court Decision—a subpoena or other compulsory legal process has been served and a court has previously issued a binding precedential decision that requires disclosures of this type, or a well-established pattern of prior court decisions have required disclosures of this type, or

> (2) Official with subpoena authority—Confidential UC information has been subpoenaed, by a local, State or Federal governmental official, other than a clerk of court on behalf of a litigant, with authority to obtain such information by subpoena under State or Federal law. The State or State UC agency may choose to disclose such confidential UC information to these officials without the actual issuance of a subpoena.

20 C.F.R. § 603.7(b).

As noted by the Department, Defendant's Subpoena is not subject to either exception because it "is not aware of any binding precedential decision or well-established pattern of prior decisions requiring disclosure in this matter" and Defendant is not a local, state, or federal government official with the requisite authority.  (ECF No. 21 at pp. 3–4.)  Defendant does not dispute that the Subpoena is not subject to these exceptions and concedes the Department is "obligated to reflexively move to quash subpoenas for unemployment compensation records." (ECF No. 15-1 at p. 3.)  The Department notes further that "[c]onsent of a requestor or the

individual(s) or entity(ies) impacted by a subpoena seeking UC information appears unmentioned within the relevant statutory and regulatory regimen[]" and therefore does not present an expressly delineated exception to the Department's obligation to pursue the Motion. (ECF No. 21 at p. 2.) Accordingly, pursuant to 20 C.F.R. § 603.7(a), the Department may only disclose the requested UC information to Defendant if the Motion is denied by this court and upon such terms the court may impose.[3]

The Department also cites Federal Rule of Civil Procedure 45, which provides in relevant part:

> (d) PROTECTING A PERSON SUBJECT TO A SUBPOENA; ENFORCEMENT.
>
> .        .        .
>
> (3) *Quashing or Modifying a Subpoena*
>
>> (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>>
>>> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]

FED. R. CIV. P. 45(d)(3)(A). "As an alternative to quashing or modifying the subpoena, the court may order production of the information under specified conditions if the serving party shows 'a substantial need' for the information 'that cannot be otherwise met without undue hardship' and 'ensures that the subpoenaed person will be reasonably compensated.'" *Welch v. Logan Gen. Hosp., LLC*, No. 2:15-CV-01022, 2015 WL 13386892, at *3 (S.D.W. Va. Aug. 7, 2015) (quoting FED. R. CIV. P. 45(d)(3)(C)). Thus, as per the CFR, the court has authority to deny the Motion and order production under specified conditions.

Additionally, Federal Rule of Civil Procedure 26(b), pertaining to the scope of

---

[3] *See also* 20 C.F.R. § 603.7(a) ("Disclosure of confidential UC information in response to a court order or to an official with subpoena authority is permissible as specified in § 603.7(b).").

discovery, provides in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

FED. R. CIV. P. 26(b)(1). Defendant cites several cases for the proposition that "multiple courts have ruled in favor of disclosure of unemployment compensation records pursuant to Rule 26(b)(1)." (ECF No. 15-1 at p. 6). Specifically, Defendant cites *Armstrong v. Hy-Vee, Inc.*, No. 4:15-cv-3085, 2016 WL 1228577 (D. Neb. Mar. 28, 2016); *Welch*, 2015 WL 13386892, *supra*; *Ibew-Neca Retirement Plan v. Strickland & Sons Elec., LLC,* No. 4:12-cv-2106 SNLJ, 2014 WL 988473 (E.D. Mo. Mar. 13, 2014); *Kelly v. Billings Clinic,* No. CV 12-74-BLG-SEH-CSO, 2013 WL 2422705 (D. Mont. June 3, 2013); and *Gray v. Savage Servs. Corp.*, No. 2:12-cv-225-NT, 2013 WL 1787999 (D. Me. Apr. 26, 2013).

On review of the above-cited authority, the court finds the information requested in the Subpoena is relevant to this action per Rule 26. Defendant has demonstrated to the court's satisfaction that the requested documents are pertinent to the claims at issue in this case and material to Defendant's defenses. The court thus finds Defendant has a substantial need for the documents subject to the Subpoena and will sustain unnecessary hardship were the Department not required to comply with the Subpoena. Further, while not dispositive, the court also notes that Plaintiff consents to the Department's release of the requested documents; as such, no party will suffer hardship or prejudice upon the Department's compliance with the Subpoena.

## III.    CONCLUSION

For the foregoing reasons, it is this 21st day of July 2026, **ORDERED** that the Motion (ECF No. 13) shall be, and is hereby, **DENIED**. Within seven (7) days of entry of this order, the Department shall produce documents responsive to the Subpoena to the extent such

documents are within its possession, custody, or control; alternatively, if no such documents exist, the Department shall so advise all counsel in writing. In the event responsive documents contain personally identifiable information ("PII") of a non-party individual other than an employer or prospective employer to which Plaintiff applied for, or obtained, employment, the Department shall redact such PII. Defendant shall be responsible to pay all costs associated with the Department's Subpoena compliance vis-a-vis copying or other transmission of the records consistent with any Department policy *re* same, if any.

                                        /S/
                         _____
                         Julie R. Rubin
                         United States District Judge