**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **EMILY DE KOUADIO,** | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Case No. 1:26-cv-00451-JRR |
| **NTELIGEN, LLC** | * | |
| *Defendant*. | | |

* * * * * * *

**MEMORANDUM OPINION AND ORDER**

Presently pending before the Court is Defendants' Rule 35 Motion for an Independent Medical Examination of Plaintiff (the "Motion") (ECF No. 24). Although initially unopposed[1], new counsel for Plaintiff ultimately filed an opposition on August 3, 2026, seeking both limitations on the IME and time to confer to see if a mutually agreeable protocol could be generated. (ECF No. 34). Defendant filed a Reply on September 2, 2026, indicating that no protocol had been agreed to, and reasserting its original motion. (ECF No. 42). The Court finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). As set forth immediately below, the Motion shall be GRANTED in part and otherwise DENIED.

## I. RELEVANT BACKGROUND

Under the Amended Complaint, Plaintiff alleges she was discriminated against and suffered retaliation in connection with a disability while working for Defendant. (ECF No. 11). Plaintiff alleges she was "diagnosed with Major Depressive Disorder, ADHD, and severe anxiety." *Id.* at 6. The Amended Complaint repeatedly alleges that Plaintiff suffered workplace

[1] Defendant filed the Motion on June 17, 2026. Plaintiff's response was due July 1, 2026. Judge Rubin referred the matter to the undersigned for discovery and related scheduling on July 16, 2026. (ECF No. 25). That same day, the undersigned directed Plaintiff to file a response, if any, to the motion no later than July 24, 2026. (ECF No. 27). Plaintiff instead filed a motion for extension of time, which the Court granted in part, extending the deadline to August 3, 2026. (ECF Nos. 31 and 32).

discrimination and other hardships as a result of the limitations her mental health imposed on her ability to work. *See id.* Plaintiff alleges she "has suffered and continues to suffer economic loss, emotional distress, and other damages," as a result of her employment experience. *Id.* at 9-11, 15.

## II. LEGAL STANDARD

Unless otherwise limited by the Court, the scope of discovery is set forth in Federal Rule of Civil Procedure 26(b). Federal Rule of Civil Procedure 26(b)(1) provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Based on Plaintiff's allegation of emotional distress and her diagnostic history, Plaintiff's mental state is certainly relevant to the case. However, mere relevancy is not enough for a court to order a mental examination. Rule 35 authorizes a court to order a mental examination of a party only if the party's mental condition is "in controversy" and there is "good cause shown." Fed. R. Civ. P. 35(a). These requirements "are not met ... by mere relevance to the case." *Schlagenhauf v. Holder,* 379 U.S. 104, 118 (1964). They require a greater showing of need. *See Guilford Nat'l Bank v. Southern Ry. Co.,* 297 F.2d 921, 925 (4th Cir.1962). Ultimately, the presence of a mental condition that is "in controversy" and "good cause shown" are the "dual requirements" that must be satisfied for the Court to compel a mental evaluation under Rule 35. *Shipley v. Disney*, SAG-21-3173, 2024 WL 128778, at *1 (D. Md. Jan. 11, 2024). "At bottom, analysis of both...balance[s] the need for an examination against the burdens it imposes." *Nicholson v. Baltimore Police Dep't*, DKC-20-3146, 2022 WL 1104575, at *2 (D. Md. Apr. 13, 2022).

Indeed, "by adding the words 'good cause,' the Rules indicate that there must be greater showing of need under Rule...35 than under the other discovery rules." *Schlagenhauf*, 379 U.S. at 118. (cleaned up) (internal citation and quotation marks omitted). "Rule 35 imposes those heightened requirements 'given the potentially serious invasion of privacy called for by a mental or physical examination.'" *Shipley,* 2024 WL 128778, at *1 (quoting *Rich v. Diana Consulting Servs. LLC*, SAG-21-1670, 2022 WL 1289663, at *3 (D. Md. Apr. 29, 2022)). Moreover, the movant must affirmatively demonstrate good cause. *Id.* at 117. And, it is a "rather high hurdle[.]" *Mark Levy v. Howard Cty., Maryland,* CDA-24-3580, 2025 WL 3223762, at *2 (D. Md. Nov. 19, 2025). "Whether good cause exists generally turns on whether 'the average lay person would have difficulty evaluating the nature, extent, and cause of the claimant's injuries.'" *Shipley,* 2024 WL 128778, at *2 (quoting *Jones v. Campbell Univ., Inc.*, BO-20-29, 2020 WL 4451173, at *4 (E.D.N.C. Aug. 3, 2020)).

Finally, "[d]etermining the propriety of a court-ordered mental examination is an 'intensely fact– specific' enterprise", *Shipley,* 2024 WL 128778, at *2 (quoting 8B Charles A. Wright, *et al.*, Federal Practice and Procedure § 2234.1 (3d ed.)). Indeed, the Rule 35 analysis "eludes simple encapsulation." *Shipley,* 2024 WL 128778, at *3. But, if one or more of the following factors is present, courts have consistently held that a plaintiff's mental condition is in controversy:

> (1) the plaintiff has asserted a specific cause of action for intentional or negligent infliction of emotional distress; (2) the plaintiff has claimed unusually severe emotional distress; (3) the plaintiff has alleged a specific type of disorder or other psychiatric injury; (4) the plaintiff has offered her own expert testimony to supplement her claim of emotional distress; or (5) the plaintiff concedes that her medical condition is "in controversy" pursuant to Rule 35.

*Meyler v. Town of Ocean City*, JKB-23-00082, 2023 WL 5984406, at *7 (D. Md. Sept. 14, 2023).

## III. ANALYSIS

### A. The Requirements of Rule 35 are Generally Satisfied

First, Defendant argues, and the Court agrees, that Plaintiff has placed here mental health condition squarely at issue. (ECF No. 24-1 at 3-4). Defendant cites the following paragraphs in the Amended Complaint:

> ¶ 46. In February, 2025, the Plaintiff was eventually diagnosed with Major Depressive Disorder, ADHD and severe anxiety.
>
> ¶ 47. Around May 23, 2025, the Plaintiff began taking Short Term Disability due to her disability.
>
> ¶ 53. Eventually, the Plaintiff went on Long Term Disability.
>
> ¶ 129. Compensation for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life resulting from Defendant's discriminatory and retaliatory conduct.

*See generally* (ECF No. 11). As for good cause, Defendant argues that Plaintiff herself elected to be examined by a mental health specialist related to her emotional condition. (ECF No. 24-2). Defendant represents that Plaintiff supplied the letter to Defendant "for the purpose of justifying Plaintiff's inability to return to work. Therein, her specialist advised of Plaintiff's ongoing clinical assessment, treatment and specific diagnosis related to her various mental health issues." (ECF No. 24-1 at 4). Moreover, Defendant argues Plaintiff "concedes that she was unable to perform the essential functions of her job for an extended period of time due to her chronic mental health condition." *Id.* at 5. Therefore, Defendant urges it must be afforded the same opportunity to examine Plaintiff's mental condition and argues whether she was capable and competent to return to her full-time role during the timeframe at issue, and by extension, whether her ability to do her job was compromised by external factors is "an unresolved issue that must be addressed through the discovery process." *Id.*

Plaintiff does not oppose an IME outright, but asks for certain protocols and limitations to be established. (ECF No. 34). Court agrees that good cause has been shown under these circumstances. For example, the medical record provided does not offer substantive detail about

how Plaintiff's mental health impacted the allegations in her compliant. Rather, it offers general diagnostic information. Plaintiff has produced a medical record resulting from her own medical examination in support of her allegations, and the Court is persuaded that the allegations here center Plaintiff's medical condition more so than the usual Title VII case that merely alleges so-called "garden variety" emotional distress as one of many damages. *But see Ricks v. Abbott Labs.*, 198 F.R.D. 647, 650 (D. Md. 2001) (finding that there was not good cause simply because the plaintiff alleged emotional distress and plaintiff did not intend to offer expert testimony from a psychiatrist at issue in the case). Thus, Plaintiff has "put in controversy emotional distress beyond the 'garden variety' sort that 'everyone experiences.'" *Nicholson v. Balt. Police Dep't*, Civil Action No. DKC 20-3146, 2022 WL 1104575, at *2 (D. Md. Apr. 13, 2022) (quoting *Hughley v. Balt. Cnty. Gov't*, No. 19-cv-1578, 2021 WL 6655870, at *2 (D.Md. May 13, 2021)). Although Plaintiff does not raise a specific claim for intentional infliction of emotional distress, Plaintiff does allege severe mental health disabilities that rendered performance of her job impossible including Major Depressive Disorder, severe anxiety (ECF No. 11) and suicidal ideation, as supported by her physiatrist's letter (ECF No. 24-2). It is unclear whether Plaintiff has designated an expert, yet she clearly has placed her medical records at issue. As Defendant argues, it should not be "required to rely solely on the Plaintiff's witnesses ['] assessment of her mental condition." *Allshouse v. JBL Ltd.*, No. 3:05-CV-403-DRH, 2006 WL 517615, at *2 (S.D. Ill. Mar. 2, 2006). After review of the Defendant's arguments and medical record Plaintiff placed in controversy, the Court agrees that there is no less invasive tool by which Defendant could explore Plaintiff's doctor's statements. Therefore, the Court finds GOOD CAUSE to permit an IME.

### B. Defendant's Proposed Examination Should be Limited in Scope

Defendant proposes a psychological examination by Dr. Christiane Tellefsen in Baltimore, Maryland "[i]n a manner consistent with generally accepted psychological methods of evaluation and testing." Defendants propose a process involving a series of interviews, each running a duration of two to three hours. Defendant does not specify how many interviews would be conducted. Courts have denied requests such as these without more specific limits proposed. *See Nicholson*, 2022 WL 1104575, at *3. The proposed scope is as follows:

> To include examination of Plaintiff regarding any mental health concerns suggested by the Amended Complaint and/or any expert reports or discovery produced by Plaintiff, regarding the issues: (1) Major Depressive Disorder; (2) ADHD; (3) severe anxiety; (4) PTSD; (5) social isolation; (6) difficulty in daily functioning; (7) difficulty in performing the essential functions of job responsibilities in her profession; (8) suicidal ideation; (9) inconsistent mood and low energy; (10) difficulty eating and sleeping properly; and (11) domestic abuse. In addition, the examination may include the cause of such issues, the impact of such issues on Plaintiff in relation to the claims asserted in the lawsuit and the harm or damages suffered by Plaintiff. The examination shall include evaluation of other circumstances in Plaintiff's personal, social and school life which may or may not have also contributed to the alleged symptoms and conditions described by Plaintiff. Finally, the examination may include appropriate psychological tests to include, but not limited to, the Minnesota Multiphasic Personality Inventory test.

(ECF No. 24-1 at 6). In support of the Motion, Defendant attaches Dr. Tellefsen's curriculum vitae. (ECF No. 24-3).

First, recognizing that some of the details are yet to be defined, the Court imposes a maximum medical examination duration of seven hours. *E.g.*, *Coomes v. Moran*, Civil Action No. ELH-22-2639, 2026 WL 884926, at *5 (D. Md. Mar. 31, 2026) (describing a seven hour medical examination as reasonable yet denying the request for a lack of good cause shown); *see also Walton v. N. Carolina Dep't of Agric. & Consumer Servs.*, LWF-09-302, 2011 WL 883579, at *4 (E.D.N.C. Mar. 11, 2011) (limiting a medical examination to no longer than eight hours in one day, though a second day was permitted). Recognizing that courts have cautioned defendants would be "would

be well-advised to explain in clear and specific terms what information necessary to [the] defense," the Court does not find that the circumstances here justify multiple days of an unspecified number of examinations. *Nicholson*, 2022 WL 1104575, at *3. If, by mutual agreement, the parties would prefer to break up the 7 hours into more than one session, that is, of course, permitted. Otherwise, the examination will be no longer than one seven-hour session. Additionally, the examiner is limited to Dr. Tellefson, who is Baltimore based. The parties shall work together for a mutually agreeable date. Further, the examination shall be noninvasive and conducted in a manner consistent with generally accepted psychiatric and psychological evaluation practices and tools. The examiner shall not conduct any physical examination, invasive procedure, neuroimaging, laboratory study, or pharmacological intervention. Defense counsel shall disclose to Plaintiff's counsel any material provided to Dr. Tellefson upon which she bases her opinions, consistent with Federal Rule of Civil Procedure 26, and any report shall be produced consistent with Defendant's obligations thereunder. Finally, all IME materials, including communications to the examiner, notes, test instruments, raw data, scoring materials, recordings if any, and the examiner's report, shall be designated and treated as confidential and not disclosed beyond attorneys, their clients, and those personnel within the attorneys' firms who are directly assisting on the case.

Although the Court finds above that Defendant has met the threshold showing of good cause, the Court will not permit exploration of any domestic abuse. The Court does not observe any clear explanation of why domestic abuse is at issue. Moreover, issues of social isolation, suicidal ideation, mood and low energy, and eating and sleeping patterns should be explored only insofar as they tend to bear on Plaintiff's Major Depressive disorder and severe anxiety diagnoses, and the Court will not permit an open door to the exploration of any mental health topic that is untethered to a specific diagnosis or allegation in controversy.

Therefore, consistent with the Court's stated limitations, Defendant's request is GRANTED in part and is otherwise DENIED.

## IV. CONCLUSION

Accordingly, it is hereby ORDERED that Defendant's Motion to Compel an Independent Medical Examination (ECF No. 24) is GRANTED subject to the limitations in scope described herein and is otherwise DENIED. The parties shall file a status report on or before October 1, 2026.

DATED: September 3, 2026

J. Mark Coulson
United States Magistrate Judge