**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **Emily De Kouadio,** | * | |
| **Plaintiff** | * | |
| **vs.** | * | **Case No. 1:26-cv-00451-JRR** |
| **Nteligen, LLC, et al.,** | * | |
| **Defendants** | | |

******

**MEMORANDUM OPINION AND ORDER**

On September 2, 2026, Defendant filed a motion to compel long-outstanding discovery responses from Plaintiff. (ECF No. 41). The delay in responding was caused, in part, by Plaintiff's prior counsel withdrawing from the case, and the eventual entry of new counsel in August of 2026. The Court scheduled a call with counsel on the motion, which took place on September 15, 2026. In the interim, Plaintiff filed discovery responses on or about September 11, 2026, and Plaintiff's new counsel filed an opposition to the Motion to Compel on September 14, 2026. (ECF No. 44). The substance of Plaintiff's opposition was that new counsel had been getting up to speed on the file, delaying his response to Defense counsel's invitations to discuss the responses.

During the call with counsel, it became apparent to the Court that the parties would benefit by discussing any remaining discovery deficiencies with each other in an attempt to work through any remaining disputes. Additionally, Defense counsel raised the practical issue of the upcoming discovery deadline and the remaining discovery tasks including the Independent Medical Exam the Court addressed in in its September 3, 2026, order (ECF No. 43) and the deposition of Plaintiff and perhaps other fact witnesses recently identified in Plaintiff's discovery responses. Based on those concerns, the Court directs that counsel confer on a new proposed discovery schedule and

present a joint motion to that effect by September 18, 2026. The parties are reminded that they should follow the Court's informal discovery procedure outlined in the undersigned's Memorandum to Counsel for any future discovery disputes that cannot be resolved by agreement. (ECF No. 26). Further, to the extent that the parties mutually agree that referral to the undersigned or another magistrate judge of this Court for mediation would be productive, they should notify the Court. The Court suggests that Plaintiff make a settlement demand in the meantime to test the viability of such discussions.

Accordingly, the Court will deny the Motion to Compel (ECF No. 41) as moot, but without prejudice to raise any remaining issues on which the parties cannot otherwise reach agreement via the process outlined in ECF No. 26.

9/15/2026
Date

J. Mark Coulson
United States Magistrate Judge